PS

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SALVATORE LETIZIA,

        Plaintiff,

      v.

JOHN J. FLYNN, Erie County District Attorney, DONNA A. MILLING, Erie County Assistant District Attorney, OLIVER YOUNG, Erie County Supreme Court Attorney, JOHN DOE #1, Erie County Court Clerk, JOHN DOE #2, Erie County Clerk, FRANCES E. CAFARELL, Clerk of the Appellate Division Fourth Department, and KIM TAYLOR, Court Attorney, Appellate Division, Fourth Department,

        Defendants.
_____

**DECISION AND ORDER**

19-CV-1531 EAW

## INTRODUCTION

*Pro se* plaintiff Salvatore Letizia ("Plaintiff"), an inmate at the Franklin Correctional Facility, filed this action seeking relief under 42 U.S.C. § 1983. (Dkt. 1). Plaintiff, who has paid the filing fee, alleges that his constitutional rights were violated in state court when he was denied access to post-conviction DNA testing in connection with his criminal conviction for attempted murder in Erie County Supreme Court. Plaintiff is seeking monetary damages and injunctive relief. (*Id.* at 6).

Pursuant to 28 U.S.C. § 1915A(a), the Court must screen Plaintiff's claims for sufficiency. For the reasons discussed below, the Complaint is dismissed with prejudice.

- 1 -

## DISCUSSION

### I. Legal Standard

Section 1915 "provide[s] an efficient means by which a court can screen for and dismiss legally insufficient claims." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court shall dismiss a complaint in a civil action in which a prisoner seeks redress from a governmental entity, or an officer or employee of a governmental entity, if the Court determines that the action (1) fails to state a claim upon which relief may be granted or (2) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1)-(2). Generally, the Court will afford a *pro se* plaintiff an opportunity to amend or to be heard prior to dismissal "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Abbas*, 480 F.3d at 639 (internal quotation marks omitted). Thus, leave to amend the pleadings is properly denied when any amendment would be futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

In evaluating the complaint, the Court must accept all factual allegations as true and must draw all inferences in Plaintiff's favor. *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). "Specific facts are not necessary," and a plaintiff "need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see also Boykin v. Keycorp*, 521 F.3d 202, 213 (2d Cir. 2008) ("[E]ven after *Twombly*, dismissal of a *pro se* claim as insufficiently pleaded is appropriate only in the most unsustainable of cases.").

Although "a court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations," *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004), even pleadings submitted *pro se* must meet the notice requirements of Rule 8 of the Federal Rules of Civil Procedure, *Wynder v. McMahon*, 360 F.3d 73, 79 n.11 (2d Cir. 2004).

## II.     Factual Background

In 1988, Plaintiff was convicted, by jury verdict, of attempted murder in the second degree. *See People v. Letizia*, 159 A.D.2d 1010, 1011 (4th Dept. 1990).  His conviction stems from an incident on June 29, 1987, when victim Joseph Bruno ("Bruno") was attacked by two men, Plaintiff and Joseph Johnson ("Johnson"), who were accused of stabbing Bruno and hitting him in the head with a metal pipe. (Dkt. 1 at 2).  Johnson later pleaded guilty, stating during his plea colloquy that he "was drinking" for a "day and a half" and "using cocaine and LSD" with Bruno, when he "just flipped out and started stabbing Bruno." (*Id.*).   However, at Plaintiff's trial,  Bruno denied using any drugs on the day of the attack.  (*Id.*).

On April 6, 2013, Plaintiff made his first post-conviction request for DNA and LSD testing of a hair that was found on the knife used in the stabbing by filing a motion under New York Criminal Procedure Law ("CPL") § 440.30(1–a).  (*Id.*).  Plaintiff's request was denied by Acting Supreme Court Justice John L. Michalski on November 22, 2013. (*Id.* at 3, 13).  Plaintiff alleges that during his appeal of this decision to the New York State Supreme Court, Appellate Division, Fourth Department, he was denied "adequate review" of his *pro se* supplemental brief and addendum due to an internal "delay" that was "contrary to court procedure." (*Id.* at 3).

The Fourth Department affirmed Judge Michalski's denial of DNA testing, finding that, even assuming that the hair was "subjected to DNA testing and that such testing revealed DNA that did not belong to" Plaintiff, there was "no reasonable probability that [he] would have received a more favorable verdict had those test results been introduced at trial." *People v. Letizia*, 141 A.D.3d 1129, 1130, *amended on reargument*, 145 A.D.3d 1660 (4th Dept. 2016) (amending to add the following paragraph: "We have reviewed the contentions raised in [Plaintiff's] pro se supplement brief and pro se addendum and conclude that none warrant reversal or modification of the order.").

On May 21, 2019, Plaintiff filed a second request for DNA and drug testing of the hair, as well as blood evidence, which was also denied. (Dkt. 1 at 4). Plaintiff served a notice of appeal and motion to proceed as a poor person on October 3, 2019, and, on October 17, 2019, his papers were returned by Defendant Kim Taylor ("Taylor"), a Court Attorney for the Appellate Division, Fourth Department, for his failure to serve his motion on "the Erie County Attorney." (*Id.*). Plaintiff contends that he properly served his motion on "the Monroe County Attorney." (*Id.*). He further contends that an Erie County Court Attorney, Defendant Oliver Young ("Young"), misinformed the court of the circumstances, charges, and facts of his case, and that Erie County Assistant District Attorney Donna Milling ("ADA Milling") "misinformed the courts that [P]laintiff shot a victim in another case." (*Id.*). The "erroneous information" provided to the courts and parole board "prejudiced" him "in both legal litigation and at [his] parole board hearing." (*Id.*).

### III. Analysis

#### A. Quasi-Judicial Immunity

The Court first concludes that Defendants Young, Frances E. Cafarell, Taylor, and John Does #1 and #2, all court clerks or court attorneys, are entitled to immunity "for [the] performance of tasks which are judicial in nature and an integral part of the judicial process." *Rodriguez v. Weprin*, 116 F.3d 62, 66 (2d Cir. 1997). A court employee's "acts that implement judicial decisions or that are performed at the direction or under the supervision of a judicial officer come under the ambit of judicial immunity." *McKnight v. Middleton*, 699 F. Supp. 2d 507, 252 (E.D.N.Y. 2010) (citing *Bliven*, 418 F. Supp. 2d at 138); *see also Olivia v. Heller*, 839 F.2d 37, 39 (2d Cir. 1988) (court clerks are afforded absolute immunity where their acts are of a judicial nature). Court clerks also enjoy absolute immunity for administrative functions taken "pursuant to the established practice of the court." *Humphrey v. Court Clerk for the Second Circuit*, No. 508-CV-0363 (DNH)(DEP), 2008 WL 1945308, at *2 (N.D.N.Y. May 1, 2008) (citation omitted). The protection of immunity is not defeated by allegations of bad faith. *See Pierson v. Ray*, 386 U.S. 547, 554, 557 (1967); *Maestri v. Jutkofsky*, 860 F.2d 50, 53 (2d Cir. 1988)

The facts and circumstances alleged here fail to support a plausible inference that any of the defendant court clerks and attorneys were acting outside of their judicially-directed functions. Therefore, they are entitled to absolute quasi-judicial immunity and the damages claims against them must be dismissed.

## B. <u>Prosecutorial Immunity</u>

The Court next finds that Defendants ADA Milling and John J. Flynn, Erie County District Attorney ("DA Flynn"), are entitled to absolute prosecutorial immunity as to Plaintiff's claims against them. Prosecutors are entitled to absolute immunity for performing prosecutorial activities that are "intimately associated with the judicial phase of the criminal process." *Hill v. City of N.Y.*, 45 F.3d 653, 660-61 (2d Cir. 1995) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). Allegations of improper motive and intentional wrongdoing are not relevant to the inquiry into whether absolute prosecutorial immunity exists. As the Second Circuit has explained:

> The relevant question . . . is whether a reasonable prosecutor would view the acts challenged by the complaint as reasonably within the functions of a prosecutor. If the generic acts are within those functions, absolute immunity applies to protect the prosecutor even in the face of a complaint's allegations of malicious or corrupt intent behind the acts. Otherwise, the absolute immunity would not be absolute.

*Giraldo v. Kessler*, 694 F.3d 161, 166 (2d Cir. 2012). The Second Circuit has further identified "decisions whether or not to . . . defend a conviction" as part of the prosecutor's role as an advocate. *Id*.

Here, Plaintiff's claims against ADA Milling and DA Flynn arise from their performance of their prosecutorial functions, including in defending Plaintiff's conviction. Accordingly, Plaintiff cannot maintain a claim for damages against these Defendants.

### C.     <u>Official Capacity Claims</u>

Plaintiff has also purported to assert his claims against Defendants in their official capacities. The Eleventh Amendment to the United States Constitution bars federal court claims against states, absent their consent to such suit or an express statutory waiver of immunity. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-100 (1984). The Eleventh Amendment bar extends to state officials who are sued in their official capacities. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985); *Woods v. Rondout Valley Cent. Sch. Dist. Bd. of Educ.*, 466 F.3d 232, 236 (2d Cir. 2006); *Posr v. Court Officer Shield No. 207*, 180 F.3d 409, 414 (2d Cir. 1999). "[I]f a district attorney or an assistant district attorney acts as a prosecutor, she is an agent of the State, and therefore immune from suit in her official capacity." *D'Alessandro v. City of New York*, 713 F. App'x 1, 8 (2d Cir. 2017).

In this case, all Defendants were acting as either officials of the New York State court system or as a district attorney or assistant district attorney in a prosecutorial capacity. Consequently, because there has been no waiver of immunity or consent to suit, all claims for damages against Defendants in their official capacities are dismissed with prejudice as barred by the Eleventh Amendment.

### D.     <u>Access to DNA Testing</u>

Finally, Plaintiff's claim that he is entitled to post-conviction DNA and drug testing under CPL § 440.30(1-a), including his request for injunctive relief, must fail. The Court finds that because New York State Supreme Court has already ruled on this precise issue,

Plaintiff's claim is barred by the *Rooker-Feldman* doctrine. *See McKithen v. Brown*, 626 F.3d 143, 154 (2d Cir. 2010).

> CPL § 440.30(1–a) provides the following:
>
> Where the defendant's motion requests the performance of a forensic DNA test on specified evidence, and upon the court's determination that any evidence containing deoxyribonucleic acid ("DNA") was secured in connection with the trial resulting in the judgment, the court shall grant the application for forensic DNA testing of such evidence upon its determination that if a DNA test had been conducted on such evidence, and if the results had been admitted in the trial resulting in the judgment, *there exists a reasonable probability that the verdict would have been more favorable to the defendant*.

N.Y. Crim. Proc. Law § 440.30(1-a)(a)(1) (emphasis added). In this case, the Fourth Department found that the results of a DNA test of the hair found on the knife used in Bruno's stabbing would not give rise to a reasonable probability that Plaintiff would have received a more favorable verdict had those test results been introduced at trial. *Letizia*, 141 A.D.3d at 1130.

Because Plaintiff is asserting "an as-applied challenge to the New York Supreme Court's application of N.Y. Crim. Proc. Law § 440.30(1–a)(a) in his case . . ., under the *Rooker–Feldman* doctrine, [this Court] lack[s] subject matter jurisdiction to consider it." *McKithen*, 626 F.3d at 154. Under *Rooker-Feldman*, federal courts must abstain from entertaining claims where: "(1) the plaintiff lost in state court, (2) the plaintiff complains of injuries caused by the state court judgment, (3) the plaintiff invites district court review of that judgment, and (4) the state court judgment was entered before the plaintiff's federal suit commenced." *Id.* Here, Plaintiff lost in state court, and specifically complains of injuries caused by the state court judgment; that is, the denial of post-conviction DNA and

drug testing.  Further, Plaintiff invites this Court to review that judgment by bringing this action after the state court judgment was entered.  Plaintiff's remedy was to exhaust state court remedies and seek *certiorari* from the United States Supreme Court if unsuccessful.  This Court therefore lacks subject matter jurisdiction to review the determination of the New York State Supreme Court regarding Plaintiff's request under CPL § 440.30(1-a).  *See Gonzalez v. Vance*, No. 13 CIV. 498 AJN, 2014 WL 787853, at *5 (S.D.N.Y. Feb. 27, 2014) ("As the Second Circuit and other courts have held, an as-applied challenge to a denial of post-conviction DNA testing 'meets each of *Rooker–Feldman*'s four elements.'") (quoting *McKithen*, 626 F.3d at 154-55).

In light of the findings above, the Court further finds that any attempt to amend the pleadings would be futile.  The flaws in Plaintiff's Complaint are fundamental; they cannot be cured through more fulsome pleading.  Accordingly, the Complaint is dismissed, and leave to replead is denied.  *See Cuoco*, 222 F.3d at 112.

## **CONCLUSION**

For the reasons set forth above, Plaintiff's claims are dismissed with prejudice pursuant to 28 U.S.C. § 1915A.

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied.  *Coppedge v. United States*, 369 U.S. 438 (1962).  Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated: December 18, 2020
       Rochester, New York

- 10 -